1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHAUN MADDEN,

11          Petitioner,                    No. CIV S-11-2453 DAD P

12      vs.

13   PEOPLE OF THE STATE OF CA,            ORDER AND

14          Respondents.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner, proceeding pro se, has filed a petition for a writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

18          Examination of the in forma pauperis application reveals that petitioner is unable

19   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

20   granted.  See 28 U.S.C. § 1915(a).

21                          **PRELIMINARY SCREENING**

22          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

23   dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

24   it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing

25   Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may

26   dismiss a petition for writ of habeas corpus at several stages of a case, including "summary

1

1   dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the

2   answer and petition are considered; or a dismissal after consideration of the pleadings and an

3   expanded record."

4                                                    **BACKGROUND**

5                     In his petition for writ of habeas corpus, petitioner alleges that he was convicted

6   of misdemeanor indecent exposure on November 4, 1996 in the Sacramento County Superior

7   Court and sentenced to three years of informal probation.  According to petitioner, although his

8   informal probation was terminated on June 16, 1998, the state court refused to expunge his

9   conviction because petitioner had not met all of the conditions of his probation.  (Pet. at 2 &

10  Attach.)

11                    Petitioner has not asserted any grounds for habeas relief on his form federal

12  petition for writ of habeas corpus.  He has, however, attached a copy of the petition for writ of

13  habeas corpus he filed with the Sacramento County Superior Court.  Therein, petitioner asserted

14  a single ground for relief in which he essentially claimed that his prosecution was improperly

15  classified as a "sex offender" case, and that he has been wrongly suffering all of the

16  consequences of being a "sex offender" since his conviction.  (Pet. at 5-6 & Attach.)

17                                                     **ANALYSIS**

18                    The instant petition should be dismissed because this court lacks jurisdiction over

19  this matter.  Under 28 U.S.C. § 2254, a federal district court:

20                  shall entertain an application for a writ of habeas corpus in behalf
                    of a person in custody pursuant to the judgment of a State court
21                  only on the ground that he is in custody in violation of the
                    Constitution or laws or treaties of the United States.
22

23  The "in custody" requirement of § 2254 is jurisdictional.  See Maleng v. Cook, 490 U.S. 488,

24  490 & 494 (1989); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998).  A habeas

25  corpus petitioner must be "in custody" pursuant to the conviction or sentence under attack at the

26  time he files his petition.  See Maleng, 490 U.S. at 490-91.  "[O]nce the sentence imposed for a

1    conviction has completely expired, the collateral consequences of that conviction are not

2    themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack

3    upon it." Id. at 492.

4            According to petitioner's form petition, on November 4, 1996, he was convicted

5    of misdemeanor indecent exposure and granted informal probation.  That probation was

6    terminated in 1998.  Petitioner filed his federal habeas petition with this court on September 16,

7    2011, many years after his "in custody" status ended with respect to his 1996 misdemeanor

8    conviction.  Accordingly, this court lacks subject-matter jurisdiction over this habeas action, and

9    the pending petition should be dismissed.[1]  See Williamson, 151 F.3d at 1183-84 (holding that a

10   habeas petitioner challenging Washington sex-offender registration law did not meet the "in

11   custody" requirement); Henry v. Lundgren, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (holding that

12   a mandatory sex offender registration requirement does not support a finding that the "in

13   custody" requirement is met).

14                                    **CONCLUSION**

15           IT IS HEREBY ORDERED that:

16           1.  Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted; and

17           2.  The Clerk of the Court is directed to randomly assign a United States District

18   Judge to this action.

19   _____

20           [1] Even if petitioner somehow met the "in custody" requirement with respect to his 1996
     conviction, the instant federal habeas petition should still be dismissed because any claims
21   presented therein are unexhausted.  The exhaustion of state court remedies is a prerequisite to the
     granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be
22   waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver
     of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion
23   requirement by providing the highest state court with a full and fair opportunity to consider all
     claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971);
24   Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  Here, petitioner did not appeal from
     his judgment of conviction and has only filed a petition for writ of habeas corpus in the
25   Sacramento County Superior Court challenging his 1996 misdemeanor conviction.  Thus, he has
     not fairly presented his claims to the California Supreme Court and therefore has not satisfied the
26   exhaustion requirement.

1    IT IS HEREBY RECOMMENDED that:

2        1.  Petitioner's application for writ of habeas corpus (Doc. No. 1) be dismissed;

3    and

4        2.  This action be closed.

5

6        These findings and recommendations are submitted to the United States District

7    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

8    days after being served with these findings and recommendations, petitioner may file written

9    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

10   Findings and Recommendations."  Petitioner is advised that failure to file objections within the

11   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

12   F.2d 1153 (9th Cir. 1991).

13       In any objections he elects to file, petitioner may address whether a certificate of

14   appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

15   11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

16   certificate of appealability when it enters a final order adverse to the applicant).

17   DATED: March 5, 2012.

18

19                                              _____

20   DAD:9                                      DALE A. DROZD
     madd2453.156                               UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

                                              4