IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAUN MADDEN,

        Petitioner,                      No. CIV S-11-2453 DAD P

    vs.

PEOPLE OF THE STATE OF CA,      ORDER AND

        Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary

1

dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

In his petition for writ of habeas corpus, petitioner alleges that he was convicted of misdemeanor indecent exposure on November 4, 1996 in the Sacramento County Superior Court and sentenced to three years of informal probation. According to petitioner, although his informal probation was terminated on June 16, 1998, the state court refused to expunge his conviction because petitioner had not met all of the conditions of his probation. (Pet. at 2 & Attach.)

Petitioner has not asserted any grounds for habeas relief on his form federal petition for writ of habeas corpus. He has, however, attached a copy of the petition for writ of habeas corpus he filed with the Sacramento County Superior Court. Therein, petitioner asserted a single ground for relief in which he essentially claimed that his prosecution was improperly classified as a "sex offender" case, and that he has been wrongly suffering all of the consequences of being a "sex offender" since his conviction. (Pet. at 5-6 & Attach.)

## ANALYSIS

The instant petition should be dismissed because this court lacks jurisdiction over this matter. Under 28 U.S.C. § 2254, a federal district court:

> shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The "in custody" requirement of § 2254 is jurisdictional. See Maleng v. Cook, 490 U.S. 488, 490 & 494 (1989); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998). A habeas corpus petitioner must be "in custody" pursuant to the conviction or sentence under attack at the time he files his petition. See Maleng, 490 U.S. at 490-91. "[O]nce the sentence imposed for a

conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id. at 492.

According to petitioner's form petition, on November 4, 1996, he was convicted of misdemeanor indecent exposure and granted informal probation. That probation was terminated in 1998. Petitioner filed his federal habeas petition with this court on September 16, 2011, many years after his "in custody" status ended with respect to his 1996 misdemeanor conviction. Accordingly, this court lacks subject-matter jurisdiction over this habeas action, and the pending petition should be dismissed.[1] See Williamson, 151 F.3d at 1183-84 (holding that a habeas petitioner challenging Washington sex-offender registration law did not meet the "in custody" requirement); Henry v. Lundgren, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (holding that a mandatory sex offender registration requirement does not support a finding that the "in custody" requirement is met).

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

---

[1] Even if petitioner somehow met the "in custody" requirement with respect to his 1996 conviction, the instant federal habeas petition should still be dismissed because any claims presented therein are unexhausted. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). Here, petitioner did not appeal from his judgment of conviction and has only filed a petition for writ of habeas corpus in the Sacramento County Superior Court challenging his 1996 misdemeanor conviction. Thus, he has not fairly presented his claims to the California Supreme Court and therefore has not satisfied the exhaustion requirement.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus (Doc. No. 1) be dismissed; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: March 5, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
madd2453.156